**Vicky M. WRIGHT, Plaintiff,**

v.

**NONPAREIL, an Iowa Corporation, Defendant.**

**No. 8:02 CV 508.**

United States District Court, D. Nebraska.

Feb. 13, 2004.

James R. Welsh, Welsh, Welsh Law Firm, Omaha, NE, Robert Meyer, Welsh & Welsh P.C., Omaha, NE, for Plaintiff.

Marvin O. Kieckhafer, Smith, Peterson Law Firm, Council Bluffs, IA, for Defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### INTRODUCTION

This matter is before the court on defendant's motion for summary judgment. Filing No. 36. Plaintiff filed an amended complaint, Filing No. 13, alleging that she is a black female who has been discriminated against in employment in violation of 42 U.S.C. § 1981 on the basis of race. I have carefully reviewed the record, briefs, evidence, and the relevant case law in this matter, and I conclude that the motion for summary judgment should be granted.

### FACTS

Plaintiff applied for a position as weekend editor with the defendant, a Council Bluffs, Iowa, newspaper, in October 1999. She mailed a copy of her resume and cover letter to the defendant. John Leu, defendant's editor, interviewed plaintiff on January 3, 2000. During the interview, Mr. Leu ascertained that plaintiff had no previous magazine or publication work experience; no journalism or newspaper experience; no experience with Pagemaker or QuarkExpress programs, even though the advertisement required the same; no supervisory experience with reporters or photographers; and no design experience with newspapers. Her previous work experience included twenty-three years with the Department of Social Services and she had a degree in sociology. The work sample presented by plaintiff to the defendant consisted of a family reunion book prepared by her. The defendant did not hire plaintiff on the basis that she was not qualified for the position.

Plaintiff filed a complaint with the Council Bluffs Human Relations Commission on May 10, 2000. The Director found no probable cause and closed the case. The Iowa Civil Rights Commission closed the file, and on April 5, 2001, the plaintiff asked that her case be opened. Such request was denied and plaintiff received her right-to-sue letter.

Plaintiff filed this lawsuit on October 31, 2002.

### STANDARD OF REVIEW

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159–60, 90 S.Ct. 1598; *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 (8th Cir.1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir.1998).

The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro,* 247 F.3d 826, 829 (8th Cir.2001). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (on motion of summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1107 (8th Cir. 2000).

## DISCUSSION

The analysis used in a Title VII case, 42 U.S.C. § 2000, is also applicable to a § 1981 claim. *Leiting v. Goodyear Tire & Rubber Co.,* 117 F.Supp.2d 950, 955 (D.Neb.2000). Defendant contends that the plaintiff has failed to state a cause of action because she cannot establish any evidence of an intent to discriminate on the part of defendant under the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). I agree.

■ A prima facie case of discrimination requires the plaintiff to establish that she 1) is a member of a protected class; 2) was qualified to perform her job; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated people. *See Schoffstall v. Henderson,* 223 F.3d 818, 825 (8th Cir. 2000) (*citing Breeding v. Arthur J. Gallagher & Co.,* 164 F.3d 1151, 1156 (8th Cir. 1999)). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

Plaintiff, a black female, clearly belongs to a racial minority. Second, plaintiff applied for the position of assistant editor. With regard to the third element, there is no dispute that plaintiff was not offered the position. As to the fourth element, the defendant did in fact hire another for this position. The question is whether plaintiff was qualified for that position, and the undisputed facts, as set forth above, show that plaintiff was not qualified for this position. Plaintiff even agreed in her deposition testimony that she would need training to do this job. Ex. L at 73:23–74:1. Consequently, plaintiff has failed to make her prima facie case of discrimination on the basis of race. *Pacheco v. Advertisers Lithographing, Inc.,* 657 F.2d 191, 193 (8th Cir.1981).

■ Even if for some reason I assume that plaintiff made her prima facie case, I find that the defendant has articulated

nondiscriminatory reasons, namely the lack of education, experience or training, for this position. The burden then shifts to the plaintiff to show the articulated reasons are merely pretextual in nature. Plaintiff testified that she believed racial discrimination occurred because it was her understanding that she was the only black who applied for the position, and she assumed training would be required for anyone who obtained the position. Ex. L at 74:16–76:4. · Plaintiff states that during the interview the demeanor of Mr. Leu changed, and she notes that there are only four African Americans who have worked for the defendant in the last four years. Also, no African American had been hired for the weekend editor position. Defendant contends that the person hired, Tonya Garth, had been with the paper for some period of time and had served as the entertainment editor and the assistant weekend editor. Garth needed substantially less training than did the plaintiff. Further, during the interview plaintiff had indicated that she was looking for a part-time position, and the position with the defendant was full-time. Defendant also indicated that only one minority, the plaintiff, had ever applied for a newsroom position. I find that the plaintiff has not provided sufficient evidence of pretext as to discrimination against her in this case that would permit a finding of racial discrimination by a jury. I conclude, therefore, that summary judgment must be granted.

THEREFORE, IT IS ORDERED that the defendant's motion for summary judgment, Filing No. 36, is granted. A separate judgment shall be entered in conjunction with this memorandum and order.